UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VERNON SCOTT

VERSUS

BATON ROUGE CITY
CONSTABLES OFFICE

CIVIL ACTION

NO. 17-289-JWD-EWD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VERNON SCOTT

VERSUS

BATON ROUGE CITY
CONSTABLES OFFICE

CIVIL ACTION

NO. 17-289-JWD-EWD

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by plaintiff, Vernon Scott ("Plaintiff"). The Motion to Remand is opposed by defendant, Baton Rouge City Constables Office ("Defendant").[2] For the reasons set forth herein, the undersigned recommends[3] that the Motion to Remand be GRANTED.

**I.    Background**

On February 22, 2017, Plaintiff initiated this action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[4] Per his Petition for Damages (the "Petition"), Plaintiff alleges that he is an African-American male who began his employment with Defendant as a Deputy Constable and thereafter was promoted to the position of Lieutenant.[5] Plaintiff alleges that Defendant thereafter discriminatorily denied him a promotion to Captain.[6] Plaintiff further alleges that despite Defendant's promise that Plaintiff could earn supplemental income through provision of security services for athletic events at Louisiana State University, Defendant canceled

---

[1] R. Doc. 4.

[2] R. Doc. 6.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC,* 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 1-2.

[5] R. Doc. 1-2, Petition for Damages, ¶¶ 4-6.

[6] R. Doc. 1-2, Petition for Damages, ¶¶ 9-22.

participation in LSU security details and that Constable Brown misrepresented that it was Plaintiff who canceled the security details.[7]

Plaintiff alleges that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 8, 2016, and received a Right to Sue letter on November 26, 2016 such that he "has met all administrative prerequisites for the bringing of this action."[8] Plaintiff further alleges that Defendant is liable for the actions of employees under the doctrine of respondeat superior, and that the actions complained of in his Petition "were undertaken with malice and/or reckless indifference to [Plaintiff's] state and federally protected rights."[9] Plaintiff alleges that Defendant "in violation of the Louisiana Employment discrimination Law…has engaged in unlawful employment practices consisting of, but not limited to, retaliatory treatment of Lieutenant Scott, resulting in Scott being denied promotion, being systematically stripped of his duties as a Lieutenant, and being denied vital income derived from the previously assigned security details at LSU events."[10] Plaintiff asserts that Defendant is liable to him for damages, "including mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings."[11]

---

[7] R. Doc. 1-2, Petition for Damages, ¶¶ 23-30.

[8] R. Doc. 1-2, Petition for Damages, ¶ 31.

[9] R. Doc. 1-2, Petition for Damages, ¶¶ 33-34.

[10] R. Doc. 1-2, Petition for Damages, ¶ 35. Additionally, Plaintiff asserts a cause of action for detrimental reliance pursuant to Louisiana Civil Code article 1967 and asserts that "Defendant knew or should have known that Lieutenant Scott would rely on Defendant's promise that he would be able to substantially supplement his income by providing security at various LSU athletic events." R. Doc. 1-2, First Supplemental and Amended Petition for Damages, ¶¶ 36-40A.

[11] R. Doc. 1-2, ¶ 36.

On May 4, 2017, Defendant removed this action asserting that this court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[12] Defendant recognizes that Plaintiff's Petition "does not specifically allege a federal employment discrimination cause of action."[13] However, Defendant asserts that "the case involves significant factual allegations that raise federal question jurisdiction for the resolution of federal employment claims. Also, the Petition seeks damages only available in a federal employment discrimination claim."[14] Defendant relies on *Davoodi v. Austin Independent School District*, 755 F.3d 307 (5th Cir. 2014), for its position that Plaintiff's identification of his EEOC Charge of Discrimination and Right to Sue letter in the Petition provides a basis for federal subject matter jurisdiction. Additionally, Defendant relies on *Medina v. Ramsey Steel Company, Inc.*, 238 F.3d 674 (5th Cir. 2001), for its position that Plaintiff's request for punitive damages - which Defendant asserts are unavailable under Louisiana law – provides federal subject matter jurisdiction.[15]

On June 20, 2017, Plaintiff filed the instant Motion to Remand.[16] Plaintiff argues that his Petition is "based on state law," that "there is no matter of federal law to be decided,"[17] and that he "did not allege a federal employment discrimination cause of action."[18] With respect to Defendant's reliance on *Davoodi*, Plaintiff argues that "removal was proper in *Davoodi* because Plaintiff 'attached and fully incorporated the [EEOC] Charge into his complaint'" and that, in contrast, "Plaintiff's Petition in this case only noted the existence of his federal Charge of

---

[12] R. Doc. 1, ¶ 1.

[13] R. Doc. 1, ¶ 3.

[14] R. Doc. 1, ¶ 3.

[15] Plaintiff recognizes that "it is true that punitive damages claimed by Plaintiff are not recoverable under La. R.S. 23:303." R. Doc. 4-1, p. 6.

[16] R. Doc. 4.

[17] R. Doc. 4-1, p. 1.

[18] R. Doc. 4-1, pp. 1-2.

4

Discrimination and referenced his receipt of a 'Notice of the Right to Sue' letter from the EEOC."[19] Regarding Defendant's reliance on *Medina*, Plaintiff argues that "all of the damages" sought in *Medina* were allowed only under federal law such that federal law was an essential element of that plaintiff's case.[20]

   II.   **Law and Analysis**

      a. **Legal Standard**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Maze v. Protective Ins. Co.*, Civil Action No. 16-15424, 2017 WL 164420, at *1 (E.D. La. Jan. 17, 2017) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002)). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The party seeking removal bears the burden of demonstrating that federal subject matter jurisdiction exists. *See*, *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Manguno*, 276 F.3d at 723. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez*, 543 F.3d at 251 (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

"A case aris[es] under federal law for § 1331 purposes if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice*

---

[19] R. Doc. 4-1, pp. 5-6 (quoting *Davoodi*, 755 F.3d at 310).

[20] R. Doc. 4-1, p. 7.

*Assurance, Inc. v. McVeigh*, 547 U.S. 677, 678 (2006) (internal quotations omitted). *See also*, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005) (explaining that federal question jurisdiction "is invoked by and large by plaintiffs pleading a cause of action created by federal law" but "[t]here is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal interests."). Because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction, and the party seeking removal bears the burden of demonstrating that a federal question exists pursuant to 28 U.S.C. § 1331. *See*, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See*, *Medina*, 238 F.3d at 680. Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

    **b. Neither Plaintiff's Reference to the EEOC Charge and Right to Sue Letter in His Petition Nor His Request for Punitive Damages Confers Federal Subject Matter Jurisdiction**

On September 11, 2017, this court remanded the suit of *Alice M. Pidgeon v. East Baton Rouge Sheriff's Office*, Civil Action No. 17-342-JJB-RLB, United States District Court, Middle District of Louisiana.[21] Like the instant suit, the Plaintiff in *Pidgeon* brought a claim under Louisiana employment discrimination law and Defendant removed the suit based on Plaintiff's

---

[21] *See*, *Pidgeon*, R. Docs. 10 & 15.

6

reference to her EEOC charge and Right to Sue Letter as well as Plaintiff's request for punitive damages. In remanding that suit, the district judge approved and adopted the August 21, 2017 recommendation of the magistrate judge wherein both the question of punitive damages and *Davoodi* were analyzed. For the reasons set forth in that recommendation, the undersigned likewise finds that *Davoodi* does not control the question of federal subject matter jurisdiction here.[22]

Likewise, the undersigned finds that *Medina* and Plaintiff's request for punitive damages do not confer federal subject matter jurisdiction.[23] In *Medina*, plaintiff's "amended pleadings [which sought] back pay and liquidated damages as provided under the ADEA" were sufficient to support federal subject matter jurisdiction. 238 F.3d at 680. In affirming the denial of plaintiff's motion to remand, the Fifth Circuit explained that "[f]rom the face of Medina's well-pleaded complaint, it is clear that Medina is not proceeding on the exclusive basis of state law. Instead, the damages he seeks are authorized only by federal law." *Id*. The Fifth Circuit has since explained that federal subject matter existed in *Medina* because there, "the plaintiff sought back pay and liquidated damages under the ADEA – substantive relief under a specified federal statute intended to redress directly the wrong allegedly committed by the defendant." *In re Hot-Hed*, 477 F.3d at 325.[24]

---

[22] *See*, *Pidgeon*, R. Doc. 10, pp. 4-6 (explaining that references to the EEOC Charge and Right to Sue letter "do not necessarily transform Plaintiff's action into one brought under federal law" and that "[u]nlike the plaintiff in *Davoodi*, the plaintiff in this action did not attach or otherwise attempt to incorporate his Charge into the pleadings. Accordingly, *Davoodi* does not support a finding of federal question jurisdiction in this particular case."). Here, as in *Pidgeon*, Plaintiff has not attached or incorporated his EEOC Charge into his Petition. *Compare*, *Davoodi*, 755 F.3d at 310 ("because Davoodi attached and fully incorporated the Charge into his complaint, it became a part of his complaint for all purposes.").

[23] The court in *Pidgeon* also considered and found that plaintiff's request for punitive damages was insufficient to confer federal subject matter jurisdiction. *Pidgeon*, R. Doc. 10, pp. 6-7. However, defendant in that suit did not rely upon, and this court did not analyze, *Medina*.

[24] The undersigned notes that in *Medina*, the plaintiff admitted in his motion to remand that he had, in fact, asserted a federal claim prior to removal. *Medina v. Ramsey Steel Co., Inc.*, et al., EP-99-CA-171-H, United States District

7

In contrast to the result in *Medina*, the Fifth Circuit has twice held that a request for the "collateral relief" of attorney's fees made using boilerplate language and without reference to a specific federal statute is insufficient to support federal jurisdiction even when such fees are unavailable under state law. *See*, *In re Hot-Hed*, 477 F.3d at 324 (explaining that in contrast to *Medina*, "the collateral relief at issue here—attorneys' fees—is not intended to remedy injury caused by the alleged offense, but is instead an incidental cost of litigation not identified in the complaint as relief available under the Lanham Act or any other named federal statute. As such, whether Hot–Hed is entitled to attorneys' fees does not raise a 'substantial, disputed question' about an essential element of a federal right, as required for an issue to present a federal question."); *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 522 (5th Cir. 2008) (finding that plaintiff's request for "all costs of these proceedings, including attorney's fees" where state law did not provide for the recovery of such fees did not confer federal jurisdiction because it was "a boilerplate request…that does not reference any federal law" and explaining that in *Medina*, plaintiff sought "substantive relief under a specified federal statute."). *See also*, *Brumfield v. City of Baker*, Civil Action No. 11-507, 2011 WL 5178267 (M.D. La. Sept. 30, 2011) (finding plaintiff's request for attorney fees, which were not available under any applicable state law, insufficient to establish federal question jurisdiction because such request was not "a prayer for substantive relief under a specific federal statute.").

In *Rogalski v. Education Management, Inc.*, Civil Action No. 10-831, 2010 WL 1930090, at * 2 (E.D. La. May 10, 2010), the Eastern District of Louisiana found that Plaintiff's request for punitive damages arising from alleged racial discrimination did not confer federal subject matter

---

Court, Western District of Texas, R. Doc. 8, June 24, 1999 Order Denying Motion to Remand ("In the instant motion Plaintiff admits that prior to removal he asserted a federal claim, a claim that is currently pending in this action.").

8

jurisdiction. As here, defendant asserted that removal was proper pursuant to *Medina* because plaintiff sought punitive damages unavailable under Louisiana Employment Discrimination Law. The court disagreed, citing *In re Hot-Hed* and *Bernhard* and explaining that in those two cases, the Fifth Circuit "greatly limited the holding in *Medina*….In both cases, the courts focused on two main facts (1) the requested relief was 'boiler plate' and (2) the request for relief was not accompanied by a citation to a specific federal statute like that in *Medina*." *Id*.

Here, as in *Rogalski*, Plaintiff has not included a citation to a specific federal statute in his request for punitive damages. Instead, Plaintiff specifically references Louisiana Employment Discrimination Law in his Petition.[25] "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." *Avitts*, 53 F.3d at 693. Furthermore, Plaintiff's request for punitive damages is included in a boilerplate list of alleged damages.[26] While such boilerplate language may raise ambiguities, as noted above, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723. *See also*, *Dupre v. Family*

---

[25] R. Doc. 1-2, ¶ 35. Because Plaintiff has explicitly asserted his claim arises under Louisiana state law, this is not an instance in which the court must scrutinize the relief sought in order to determine the claim's statutory grounds. *Compare*, *Caravanas v. Hall*, CivA 991405, 1999 WL 605491, at *2 (E.D. La. Aug. 10, 1999) (explaining that "the fact that [plaintiff's] petition cites no statutory provisions whatsoever forces this Court to scrutinize his claim of sexual harassment more closely for its statutory grounds" and concluding that plaintiff's "claim for punitive damages…necessarily arises under federal law.") *with Willie v. Greenleaf Wholesale Florists, Inc.*, CivA 00-1977, 2000 WL 1877114, at *3 (E.D. La. Dec. 27, 2000) ("In *Caravanas*, the Court scrutinized a claim of sexual harassment to determine its statutory basis because the plaintiff failed to cite Louisiana law. The Court in *Caravanas* examined the circumstances surrounding the action to determine whether the claim arose under federal or state law. The present case, however, is distinguishable from *Caravanas* in that Willie has clearly cited Louisiana Employment Discrimination Statutes, LA R.S. 23:1006, et seq. and LA R.S. 51:2242, 51:2256 and 51:2264, as statutory grounds for her claim. Therefore, Willie's claim expressly arises under state law.").

[26] R. Doc. 1-2, ¶ 36. In his Motion to Remand, Plaintiff characterizes this paragraph as "boilerplate." R. Doc. 4-1, p. 8, n. 29 ("It should also be noted that it is common practice in [sic] legal profession to include such boilerplate language as an exhaustive list of claimed damages in pleadings out of caution, in order to avoid the risk of losing any claims or damages in the legal proceeding."). Plaintiff further asserts "[t]o the extent the Court concludes that the inclusion of a prayer for punitive damages undermines Plaintiff's request for remand, Plaintiff stands prepared to amend his pleading to remove such prayer." *Id*. Accordingly, in contrast to *Medina*, Plaintiff here has denied assertion of a federal claim.

*Dollar Stores of Louisiana*, Civil Action No. 15-1432, 2015 WL 3791705, at *2-3 (W.D. La. June 15, 2016) (finding plaintiff's "prayer for punitive damages…[and] initiation of the EEOC review process are insufficient to give rise to a Title VII claim or federal jurisdiction" and explaining that such facts, "at best…pose ambiguities, which must be construed against removal."). Under such circumstances, Plaintiff's boilerplate reference to punitive damages does not confer federal question subject matter jurisdiction. *See also*, *Conway v. Pommier*, Civil Action No. 15-2605, 2017 WL 951638, at *4 (W.D. La. Feb. 21, 2017) ("it is the factual allegations set forth in the complaint and not the nature of the relief sought in the plaintiff's prayer that determines whether a federal question has been stated. Therefore, the plaintiff's prayer for punitive damages is immaterial to the question now before this Court.") (citing *Mungin v. Florida East Coast Ry. Co.*, 416 F.2d 1169, 1175 (5th Cir. 1969) ("At the outset, subject matter jurisdiction seldom depends on the precise relief sought. The caboose does not run the train.")).

Accordingly, the undersigned finds that Defendant has not carried its burden of demonstrating that federal subject matter jurisdiction exists and therefore recommends that this matter be remanded.

### c. Plaintiff's Request for Costs and Fees

Finally, Plaintiff "demands payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."[27] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court

---

[27] R. Doc. 4, p. 1.

must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id*. Although the undersigned concludes that this court does not have federal question jurisdiction over this matter, Defendant's removal was not objectively unreasonable. Accordingly, the undersigned recommends that Plaintiff's request for fees and costs be denied and that each party bear its own costs incurred in connection with the instant removal.

### III.     Recommendation

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand[28] be GRANTED and that this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

IT IS FURTHER RECOMMENDED that the parties shall bear their own costs incurred as a result of the instant removal.

Signed in Baton Rouge, Louisiana, on September 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] R. Doc. 4.